IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TINA MARTINEZ                                                                                          PLAINTIFF

V.                          Case No. 4:24-CV-000748-DPM-BBM

FRANK BISIGNANO, Commissioner,
Social Security Administration[1]                                                            DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Either party may file written objections to this Recommendation. Those objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.   INTRODUCTION**

On November 20, 2020, Plaintiff Tina Martinez ("Martinez") applied for Title XVI disability benefits, alleging disability beginning January 2, 2016. (Tr. at 28). Her claim was denied both initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. During the hearing, Martinez amended her alleged onset date to November 20, 2020. *Id*. The ALJ denied Martinez's application. (Tr. at 43).

---

[1] As of the date of this Recommendation, Frank Bisignano serves as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Bisignano is automatically substituted as the Defendant.

Thereafter, Martinez requested review of the ALJ's decision by the Appeals Council, which was denied. (Tr. at 15). Thus, the ALJ's decision stands as the final decision of the Commissioner.

Martinez now seeks judicial review. For the reasons stated below, the Court recommends that the Commissioner's decision be affirmed.

## II.    THE COMMISSIONER'S DECISION

The ALJ found Martinez had not engaged in substantial gainful activity since her alleged onset date—November 20, 2020.[2] (Tr. at 31). At Step Two of the sequential five-step analysis, the ALJ found Martinez had the following severe impairments: degenerative disc disease, osteoarthritis, chronic obstructive pulmonary disease, depressive disorder, anxiety disorder, post-traumatic stress disorder, and attention deficit hyperactivity disorder. *Id*. After finding that none of these impairments or combination of impairments met or medically equaled a listed impairment, the ALJ determined that Martinez had the residual functional capacity ("RFC") to perform light work with the following limitations: she could (1) occasionally stoop, kneel, crouch, and crawl; (2) occasionally work overhead with her bilateral upper extremities; and (3) never be exposed to extreme temperatures, dust, fumes, humidity, chemicals, or other pulmonary irritants. (Tr. at 34). Moreover, she could understand and remember simple instructions, sustain attention and concentration to

---

[2] Using a five-step sequence, the ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920(a)(4).

complete simple tasks within customary workplace breaks, use judgment to make simple work-related decisions, interact as needed with supervisors and coworkers, occasionally interact with the public, tolerate occasional changes in a routine work setting, and never do specific production rate work, such as assembly line work or work requiring hourly quotas. *Id*. The ALJ also found that Martinez could lift and carry 20 pounds occasionally and 10 pounds frequently, could stand and/or walk with normal breaks for a total of six hours in an eight-hour workday, and could sit with normal breaks for a total of six hours in an eight-hour workday. *Id.*

Based on the testimony of a vocational expert ("VE"), the ALJ found that Martinez had no past relevant work but that a significant number of jobs existed in the national economy for someone her age with her education, work experience, and RFC. (Tr. at 41). Accordingly, the ALJ concluded that Martinez was not disabled. (Tr. at 42–43).

### III.   DISCUSSION

#### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is "supported by substantial evidence on the record as a whole and whether it is based on legal error." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> [O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that

> decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001) (internal quotations and citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

### B. Martinez's Argument on Appeal

Martinez's sole argument on appeal is that the ALJ erred as a matter of law by failing to account adequately for Martinez's mental limitations in the RFC. (Doc. 7 at 11). Specifically, she highlights findings in the record suggesting moderate limitations in her ability to complete a normal workday and workweek without interruption, *id*. at 15–16, and to perform at a consistent pace without an unreasonable number of rest periods, *id.* at 16. Martinez asserts that the ALJ failed to account for these limitations in the RFC and that the hypothetical questions presented to the VE were based on incomplete information. *Id*. at 17–18. To support her argument, Martinez relies on opinions from two state agency psychological consultants, each finding that Martinez had moderate limitations in certain concentration and persistence skills. *Id.* at 16–17. Although the ALJ found the opinions

persuasive, Martinez maintains that the ALJ did not account for absenteeism or time off task in the RFC or explain the omission of these limitations. *Id.* at 18. As discussed in detail below, however, the Court finds that substantial evidence supports the ALJ's decision.

1. **The Evaluation Record**

The Court begins by recounting the relevant evaluation record in this case. On May 13, 2021, Diane Kogut, Ph.D, found that Martinez was moderately limited in her (1) ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary toleration; (2) ability to complete a normal workday and workweek without interruptions; and (3) ability to perform at a consistent pace without an unreasonable number of rest periods. (Tr. at 101–102, 104). The ALJ found Dr. Kogut's findings persuasive. (Tr. at 40).

On September 15, 2022, Rachel Morrisey, Ph.D., found that Martinez was moderately limited in her ability to complete a normal workday and workweek without interruptions and to perform at a consistent pace without an unreasonable number of rest periods. (Tr. at 118). Dr. Morrisey determined that, despite these limitations, Martinez had shown the ability to interact appropriately during examinations, to follow a treatment plan, and to perform a variety of activities of daily living. (Tr. at 114). Dr. Morrisey noted Martinez did "not receive a level of collateral support or mental health treatment that is usually associated with chronic or debilitating mental illness." *Id*. The ALJ found Dr. Morrisey's findings regarding Martinez's limitations in concentration, persistence, and

pace to be consistent with the objective record and persuasive.[3] (Tr. at 40).

## 2. RFC Standards

With the relevant evaluation record in mind, the Court now discusses the standards surrounding an ALJ's RFC determination. To begin, a claimant bears the burden of establishing the RFC, which is the most the claimant can still do despite limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). And, in determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, considering all impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ must review all the relevant medical and other evidence in the case record when determining a claimant's RFC but is not required to include limitations that are not supported by the evidence. *See McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003); 20 C.F.R. §§ 404.1545, 416.945(a)(3). An ALJ is free to accept some, but not all, of a medical opinion. *See Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (noting that the ALJ is "not required to accept every opinion given" but "must weigh all the evidence in the record") (citing *Brachtel v. Apfel,* 132 F.3d 417, 420 (8th Cir. 1997)).

Moreover, there is no requirement that an RFC finding be supported by a specific medical opinion. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the RFC finding "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records."

---

[3] Overall, the ALJ found Dr. Morrisey's opinion partially persuasive. (Tr. at 40). On appeal, Martinez does not challenge the parts of Dr. Morrisey's opinion that the ALJ found unpersuasive.

6

*Norper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (citation omitted). In sum, as the Eighth Circuit has held: "We review the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) (citing *Depover v. Barnhart,* 349 F.3d 563, 567 (8th Cir. 2003) (noting ALJ "made explicit findings and, although we would have preferred that he had made specific findings as to sitting, standing, and walking, we do not believe that he overlooked those functions")).

    3.    Analysis

Applying the above-mentioned standard in this case, substantial evidence supports the Commissioner's decision. The ALJ was not obligated to adopt wholesale the opinion of either Dr. Kogut or Dr. Morrisey. Rather, the ALJ was tasked with considering all the relevant evidence, including the medical records and Martinez's own description of her limitations, to formulate an RFC. To that end, the ALJ recognized that Martinez's activities of daily living—including grocery shopping, counting change, cooking, doing household chores, and watching television—all "generally require[d] at least a basic ability to concentrate, persist, and maintain pace." (Tr. at 38). The ALJ cited to Martinez's own report "that she is able to drive alone for distances up to 40 miles," suggesting an ability to concentrate, persist, and maintain pace "for significant periods." (Tr. at 33). The ALJ noted that, although Martinez "was observed on one occasion to be tearful and sad, with abnormal affect and suicidal ideation," her allegations of total disability were inconsistent with the objective record. (Tr. at 38).

The ALJ also cited to treatment notes indicating Martinez responded well to

7

prescription medication and often had a normal mood and affect, with medical providers often referring to her as "pleasant, cooperative, and calm." (Tr. at 441–42, 527, 532, 554, 567, 579–80, 606). Throughout the adjudicatory period, Martinez frequently denied anxiety, depression, and panic attacks. (Tr. at 470, 476, 514, 527). The ALJ indicated that Martinez was able to recall information, concentrate, and persist at the hearing without difficulty. (Tr. at 33). Overall, the ALJ concluded that there was "a general lack of evidence that would indicate that the claimant experienced either extreme anxiety or panic attacks." (Tr. at 38).

Moreover, despite finding that the record did not support Martinez's allegations of disabling mental impairments, the ALJ *did* draft a restrictive RFC "out of an abundance of caution" to account for Martinez's mild to moderate mental limitations. (Tr. at 39). The ALJ limited her to (1) simple work with only occasional interaction with the public, (2) only occasional changes in a routine work setting, and (3) no work requiring a specific production rate, such as assembly-line work or hourly quotas. (Tr. at 34, 39). The limitations outlined in the RFC are consistent with moderate—not marked or extreme—limitations in concentrating, persisting, or maintaining pace.

In sum, the ALJ properly considered all the evidence in the record—including the opinions of Dr. Kogut and Dr. Morrisey—to determine an appropriate RFC with specific limitations to account for Martinez's mental impairments. (Tr. at 41) And, to address directly Martinez's arguments regarding her limitations in concentrating, persisting, or maintaining pace, the ALJ gave good reasons why the record supports a finding that Martinez could sustain consistent pace and that she did not suffer from panic attacks or

8

anxiety so extreme as to prevent her from attending work or completing a workday or workweek. Lastly, the ALJ's hypothetical question to the VE mirrored that RFC. (Tr. at 80). Although Martinez disagrees with the ALJ's conclusion, where substantial evidence in the record supports the decision, this Court will not reverse simply because it could have decided the case differently. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) ("We will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice.").

### IV.   CONCLUSION

For the reasons stated above, the Court finds that substantial evidence supports the Commissioner's decision that Martinez was not disabled.

IT IS THEREFORE RECOMMENDED THAT:

1.   The Commissioner's decision be AFFIRMED.

2.   Judgment be entered for the Defendant.

DATED this 19th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE